**Jetmir GJONAJ, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[1] Respondent.**

**No. 03–40680–ag.**

United States Court of Appeals, Second Circuit.

May 3, 2006.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, (David J. Kennedy, Kathy S. Marks, Assistant United States Attorneys on the brief), New York, New York, for Respondent, of counsel.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. ROSEMARY S. POOLER, and Hon. REENA RAGGI, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

## SUMMARY ORDER

Jetmir Gjonaj, through counsel, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

The IJ found Gjonaj not to be credible based on the omission from his first asylum application of the alleged incident where he was beaten by Serbian soldiers, and the inconsistency between Gjonaj's second asylum application and his testimony concerning whether he returned home after the alleged beating of his parents by the Serbian authorities. The IJ's findings are supported by substantial evidence in the record and are reasonable grounds for finding Gjonaj not credible because these inconsistencies involve the heart of the asylum claim, *see Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003) (citing *Gao v. Ashcroft,* 299 F.3d 266, 272 (3d Cir.2002)), and are not minor and isolated disparities, *id.* at 308 (citing *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000)).

Because Gjonaj has been found to be incredible, he cannot demonstrate a well-founded fear of persecution. *See Ramsa-meachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). As asylum and withholding of removal "are factually related but with a heavier burden for withholding," it follows that an applicant who fails to establish an objective basis for his asylum claim necessarily fails to establish eligibility for withholding. *Zhou Yun Zhang v. INS,* 386 F.3d 66, 71 (2d Cir.2004). Gjonaj did not raise his CAT claim before the BIA, and he does not raise it here, so it is both unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1). Any other motions that may be outstanding are also DENIED as moot.